JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
PHILIP BARILOVITS (State Bar No. 199944)
pb@severson.com
EDWARD R. BUELL III (State Bar No. 240494)
erb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:    (415) 398-3344
Facsimile:    (415) 956-0439

Attorneys for Defendants
GMAC MORTGAGE, LLC
EXECUTIVE TRUSTEE SERVICES
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY VON BRINCKEN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MORTGAGECLOSE.COM INC., *et al.*<br><br>                    Defendants. | Case No.: 2:10-CV-02153-JAM-KJN<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(B)(6))**<br><br>Judge:          Hon. John A. Mendez<br>Date:           May 4, 2011<br>Time:           9:30 A.M.<br>Courtroom:    6<br><br>Complaint filed:    August 11, 2010 |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 2

I.      INTRODUCTION................................................................................... 2

II.     STATEMENT OF PURPORTED FACTS ............................................. 3

III.    LEGAL STANDARD FOR MOTIONS TO DISMISS ......................... 4

IV.     ARGUMENT ......................................................................................... 5

        A.    The Complaint Does Not Meet the Minimum Pleading Requirements of Rule 8 ................................................................................................ 5

        B.    The Promissory Note is Not Required to Foreclose ................................. 5

        C.    Plaintiff Lacks Standing Because She Has Not Tendered the Amount Due Under the Loan ................................................................................. 6

        D.    Plaintiff's Claim Under The Home Ownership Equity Protection Act Fails. ........... 6

        E.    Plaintiff's Claim Under RESPA Fails. ..................................................... 8

        F.    Plaintiff's Claim for Violation of TILA Fails ......................................... 8

        G.    Plaintiff's Claim Under The Fair Credit Reporting Act Fails. ................. 9

        H.    Plaintiff's Fraudulent Misrepresentation Claim Fails. ........................... 10

        I.     Plaintiff's Breach of Fiduciary Duty Claim Fails ................................... 11

        J.     Plaintiff's Unjust Enrichment Claim Fails. ........................................... 12

        K.    Plaintiff's Civil Conspiracy Claim Fails. .............................................. 12

        L.    Plaintiff's RICO Claim Fails. ............................................................... 12

        M.    Plaintiff's Claim For Usury and Fraud Fails ......................................... 14

        N.    Plaintiff's Claim For Quiet Title, Wrongful Foreclosure and Breach of Security Agreement All Fails As Matter of Law .................................... 14

V.      CONCLUSION ................................................................................... 15

19000/0555/846250.1

MEMO IN SUPPORT OF MOTION TO DISMISS
Case No. 2:10-CV-02153-JAM-KJN

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Agra v. OneWest Bank FSB*
    2009 WL 3526585 (C.D.Cal. 2009) .................................................................................. 14

*Alejo v. Mozilo,*
    2009 WL 692001 (C.D. Cal. 2009) .................................................................................. 13

*Alperin v. Vatican Bank,*
    410 F.3d 532 (9th Cir. 2005) ............................................................................................ 4

*Amaro v. Option One Mortg. Corp.,*
    2009 WL 103302 (C.D. Cal. 2009) ................................................................................... 7

*Andrew v. Ivanhoe Fin., Inc.,*
    2008 WL 2265287 (E.D. Pa. 2008) .................................................................................. 8

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) .................................................................................................. 4, 5

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007); 556 U.S. _____ (129 S.Ct. at 1949) ............................................ 5, 11

*Candelo v. NDex West, LLC,*
    2008 WL 5382259 (E.D. Cal. 2008) ................................................................................. 5

*Chaset v. Fleer/Skybox Int'l, LP,*
    300 F.3d 1083 (9th Cir. 2002) ....................................................................................... 13

*Cook v. Wells Fargo Bank,*
    2010 WL 1289892 (S.D. Cal. 2010) ................................................................................. 9

*County of Santa Clara v. Astra U.S., Inc.,*
    428 F.Supp.2d 1029 (N.D. Cal. 2006) ............................................................................ 13

*Edejer v. DHI Mortgage Co,m*
    2009 WL 1684714 (N.D. Cal. Jun. 12, 2009) ................................................................ 11

*Edwards v. Marin Park, Inc.,*
    356 F.3d 1058 (9th Cir. 2004) ....................................................................................... 13

*Gamboa v. Tr. Corps,*
    2009 WL 656285 (N.D. Cal. 2009) ................................................................................... 5

*Garcia v. Wachovia Mortg. Corp.,*
    2009 WL 3837621 (C.D. Cal. 2009) ................................................................................ 9

-ii-

*In re Gilead Sciences Securities Litigation*,
  536 F.3d 1049 (9th Cir. 2008) ...................................................................4

*In re Glenfed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir.1994) ....................................................................10

*In re Verifone Sec. Litig.*,
  11 F.3d 865 (9th Cir. 1993) .......................................................................4

*King v. California*,
  784 F.2d 910 (9th Cir. 1986) .....................................................................9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...................................................................4

*Kourtis v. Cameron*,
  419 F.3d 989 (9th Cir. 2005) .....................................................................5

*Lynch v. RKS Mortg., Inc.*,
  588 F.Supp.2d 1254 (E.D. Cal. 2008) .......................................................7

*Marks v. Chicone*,
  2007 WL 160992 (N.D. Cal. 2007)............................................................7

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) .....................................................................4

*Mohammad Akhavein v. Argent Mortgage Co.*,
  2009 WL 2157522 (N.D. Cal. Jun. 12, 2009)..........................................11

*Monaco v. Bear Stearns Residential Mortg. Corp.*
  554 F. Supp.2d 1034 (2008) ......................................................................8

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir.1989) ....................................................................13

*Morris v. BMW of N. Am., LLC*,
  2007 WL 3342612 (N.D. Cal. 2007).......................................................10

*Mullis v. U.S. Bankr. Ct.*,
  828 F.2d 1385 (9th Cir. 1987) ...................................................................5

*Murr Plumbing, Inc. v. Scherer Bros. Fin. Serv. Co.*,
  48 F.3d 1066 (8th Cir. 1995) ...................................................................13

*Permpoon v. Wells Fargo Bank, N.A.*,
  2009 WL 2314321 (S.D. Cal. 2009) ........................................................10

*Putkkuri v. ReconTrust Co.*,
  2009 WL 32567 (S.D. Cal. 2009) ..............................................................5

-iii-

*Rendon v. Countrywide Home Loans, Inc.*,
    2009 WL 3126400 (E.D. Cal. 2009) .................................................................. 6, 7

*San Diego Home Solutions, Inc. v. ReconTrust Co.*,
    2008 WL 5209972 (S.D. Cal. 2008) ...................................................................... 5

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479 (1985) ............................................................................................ 12

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................ 4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................ 11, 12, 13

*Thiel v. First Fed. Sav. & Loan Ass'n*,
    646 F.Supp. 592 (N.D. Ind. 1986) ...................................................................... 13

*Ultreras v. ReconTrust Co.*,
    2010 WL 2305857 (C.D. Cal. 2010) ..................................................................... 9

*Valdez v. America's Wholesale Lender*,
    2009 WL 5114305 (N.D. Cal. 2009) ..................................................................... 9

*Yourish v. Cal. Amplifier*,
    191 F.3d 983 (9th Cir. 1999) .............................................................................. 10

*Yuhre v. JP Morgan Chase Bank*,
    2010 WL 1404609 (E.D. Cal. 2009) ..................................................................... 8

**STATE CASES**

*Abdallah v. United Sav. Bank*,
    43 Cal.App.4th 1101 (1996) ................................................................................. 6

*Applied Equip. Corp. v. Litton Saudi Ara-bia Ltd.*,
    7 Cal.4th 503 (1994)............................................................................................ 12

*Arnolds Mgmt. Corp. v. Eischen*,
    158 Cal.App.3d 575 (1984) .................................................................................. 6

*F.B.P.I. Rehab 01 v. E&G Invs., Ltd.*,
    207 Cal.App.3d 1018 (1989) ........................................................................... 6, 13

*Fox v. Ethicon End-Surgery, Inc.*,
    35 Cal.4th 797 (2005)............................................................................................ 7

*Ghirardo v. Antonioli*,
    8 Cal.4th 791 (1994) ........................................................................................... 14

-iv-

*Gil v. Bank of Am., Nat'l Ass'n,*
    138 Cal.App.4th 1371 (2006) .............................................................. 10

*Gomes v. Countrywide Home Loans, Inc.,*
    ____ Cal. App. 4th __, 2011 WL 566737 (Feb. 18, 2011) ................................ 4

*I.E. Assocs. v. Safeco Title Ins. Co.,*
    39 Cal.3d 281 (1985) ......................................................................... 5

*Jogani v. Superior Court,*
    165 Cal. App. 4th 901 (2008) ............................................................ 12

*Karlsen v. Am. Sav. & Loan Ass'n,*
    15 Cal.App.3d 112 (1971) ................................................................... 6

*Knapp v. Doherty,*
    *123* Cal.App.4th 123 (2004) .............................................................. 15

*Moeller v. Lien,*
    25 Cal.App.4th 822 (1994) .................................................................. 5

*Nymark v. Heart Federal Savings & Loan Association,*
    231 Cal.App.3d 108 (1991) ................................................................ 12

*Sagehom v. Engle,*
    141 Cal. App. 4th 452 (2006) .............................................................. 7

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
    165 Cal.App.3d 1214 (1985) ................................................................ 6

**FEDERAL RULES, REGULATIONS AND STATUTES**

Code of Federal Regulations
    Title 12
        § 226.32 ................................................................................ 7

Federal Rules of Civil Procedure
        Rule 8 ................................................................................... 14
        Rule 9 ......................................................................... 10, 11, 13, 14
        Rule 12 .......................................................................... 2, 3, 4

United States Code
    Title 12
        § 2601 *et seq.* ...................................................................... 8
        § 2605 ................................................................................... 8
        § 2607 ................................................................................... 8
        § 2608 ................................................................................... 8
        § 2614 ................................................................................... 8

MEMO IN SUPPORT OF MOTION TO DISMISS
Case No. 2:10-CV-02153-JAM-KJN

United States Code
    Title 15
            § 1601 *et seq.* ................................................................................8
            § 1602 ............................................................................................7
            § 1639 ............................................................................................6
            § 1640 ............................................................................................9
            § 1681 *et seq.* .........................................................................9, 10
    Title 18
            § 1961 ..........................................................................................13

**STATE STATUTES**

California Civil Code
            § 1916-3 ......................................................................................14
            § 2924 ............................................................................................5
            § 2924 ............................................................................................6

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 4, 2011, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 6 of the above entitled court located at 501 I Street, Sacramento, California, before the Honorable John A. Mendez, Defendants GMAC Mortgage LLC ("GMACM"), Executive Trustee Services ("ETS") and Mortgage Electronic Registration Systems, Inc. ("MERS") will, and hereby do, move to dismiss plaintiff Shelley von Brincken's Second Amended Complaint ("SAC") for failure to state a claim.  The SAC fails to state a claim against GMACM, ETS, or MERS upon which relief may be granted as explained further in the accompanying memorandum of points and authorities.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the pleadings and records on file in this action, the request for judicial notice filed with GMACM's prior motion to dismiss, any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.  Defendants respectfully request an order dismissing the complaint as against GMACM, ETS and MERS with prejudice.

DATED:  March 7, 2011

SEVERSON & WERSON
A Professional Corporation

By: _____ /s/ Philip Barilovits _____
Philip Barilovits

Attorneys for Defendants
GMAC Mortgage, LLC
Executive Trustee Services
Mortgage Electronic Registration Systems, Inc.

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Shelley von Brincken ("Plaintifff") has brought her third complaint to try to find some basis of setting aside a completely legitimate foreclosure.  She does not deny borrowing the money for the property, she does not does deny defaulting on her loan and yet her complaint is a laundry list of supposed "defects" in the foreclosure process, the vast majority of which Plaintiff has utterly failed to show how they concern her.  She advances various claims on the flimsiest of factual bases—the vast majority of which hinge on her complaints about the system and the mortgage banking industry as a whole.  It is clear that her second amended complaint ("SAC"), at least insofar as it targets GMAC Mortgage, LLC ("GMACM"), Executive Trustee Services ("ETS") and Mortgage Electronic Registration Systems ("MERS") does not state any claims.

Plaintiff asserts a number of causes of action against the defendants as a whole, increasing her causes of action from six to no less than thirteen from her last complaint  – still, though, not differentiating between the defendants: (1) violations of the Home Ownership Equity Protection Act; 2) Violations of the Real Estate Settlement Procedures Act ("RESPA"); 3) Violations of the Truth In Lending Act ("TILA"); 4) Violations of the Fair Credit Reporting Act; 5) Fraudulent Misrepresentation; 6) Beach of Fiduciary Duty; 7) Unjust Enrichment; 8) Civil Conspiracy; 9) Civil RICO Violations; 10) Quiet Title; 11) Usury and Fraud; 12) Wrongful Foreclosure and; 13) Breach of Trust Instrument.

While no foreclosure is a happy event, Plaintiff simply has no legal claim.  However, as set forth herein, all of Plaintiff's claims are either time-barred; fundamentally deficient, vague, indecipherable, or conclusory in key allegations; unavailable as to the parties against which they are asserted or the relief sought; barred by plaintiff's failure to tender repayment; derivative claims with no valid underlying cause of action; or demonstrably without basis in law.  Accordingly, GMACM ETS and MERS move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the SAC be dismissed in its entirety against GMACM, ETS and MERS without leave to amend, for failure to state a claim.

## II.     STATEMENT OF PURPORTED FACTS

Plaintiff borrowed $220,000 from Mortgageclose.com on January 14, 2009.  SAC, Ex. A. She signed, on the same date, a deed of trust securing the property located at 14738 Wolf Rd., Grass Valley, California, as security for that loan.  *Id.*, Ex. D.  She defaulted on that loan and a Notice of Default was recorded on April 27, 2010.  *Id.*, Ex., H.  That default having not been cured, a Notice of Trustee's Sale was recorded on July 28, 2010.  *Id.*, Ex. K.  Plaintiff filed a notice of pendency of action on August 11, 2011.  *Id.*, Ex. L.  The default having still not been cured, the property was sold and a Trustee's Deed Upon Sale was recorded in the Nevada County Recorder's Office on September 3, 2011.  *Id.,* Ex. M.

It is very difficult to discern from the SAC what exactly Plaintiff is saying happened which would giver her a property free and clear of the nearly quarter million dollars she borrowed.  Her complaints range from the fact that there was a securitization trust and that he loan was not transferred into the trust in time.  *See* SAC ¶¶ 22, 29, 32, 33.  She does not say how this concerns her, however.  She complaints that the "Trust will *never have standing or be a real party in interest before this Court." Id.,* ¶ 26 (emphasis added).  She claims that the Deed of Trust was never transferred to GMAC or ETS from Mortgageclose.com.  *Id.,* 37.

She complains of a "slew" of vague "chain of title problems" (*id.*, ¶ 39) but never explains how this, again, would prejudice her or even how some of these problems are really legally problematic.  On or about March 17, 2010, she sent a 13 page letter to GMACM with a host of irrelevant questions under RESPA.  (*Id.*, ¶ Ex. D.).  GMACM responded to her letter on or about March 30, 2010, in which it was pointed out that her letter "question[ed] nearly every aspect of the loan transaction."  *Id.* Ex. E.  (Of course, Plaintiff never challenged that she borrowed the money in the first place).  She was given a number to call with questions.  *Id.*  On or about April 26, 2010, Plaintiff sent a letter entitled "Notice of Right To Cancel" her loan to GMACM and others, along

-3-

1   with a lengthy "Affidavit." *Id.*, Ex. F.  She claims that the note "assigned to MERS" is "at most" an

2   unsecured debt." *Id.*, ¶ 19. [1]

3        In short, Plaintiff has filed a rambling list of supposed problems with her loan – all of

4   extraordinarily dubious legal basis.   As outline below, she has failed to state a single claim against

5   defendants.

6                    **III.    LEGAL STANDARD FOR MOTIONS TO DISMISS**

7        On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint,

8   but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re*

9   *Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  But the court should not "'accept as true

10  allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court

11  required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

12  unreasonable inferences.'"  *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir.

13  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)  "A pleading

14  that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

15  not do.' [citation omitted]  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

16  'further factual enhancement.' [citation omitted]."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

17  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

18  relief that is plausible on its face.'"  *Id.*  "Threadbare recitals of the elements of a cause of action,

19  supported by mere conclusory statements" is not sufficient to establish a claim's plausibility.  *Id*. at

20  1949.

21        Furthermore, contents of documents that are mentioned in the complaint or on which

22  plaintiffs' claims depend and whose authenticity no party questions, may also be considered even if

23  the documents are not attached to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

24  2005) (considering surrounding web pages to determine whether accused webpage was defamatory

25  in context).  The Court may also "'take judicial notice of matters of public record outside the

26  _____

27  [1] As far as Plaintiff's derogatory remarks about MERS goes and her theory that its role is
    illegitimate, she would do well to read the recent California Court of Appeal decision which fully
    validated the role of MERS in California.  *See Gomes v. Countrywide Home Loans, Inc.*, ____ Cal.

28  App. 4th __, 2011 WL 566737 (Feb. 18, 2011).

                                    -4-

1  pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary*

2  *Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th

3  Cir. 2005); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

4  ## IV.    ARGUMENT

5  **A.    The Complaint Does Not Meet the Minimum Pleading Requirements of Rule 8**

6  The Supreme Court made clear in *Iqbal* and in the *Twombly* case that a complaint must do

7  more than state legal conclusions with no factual bases. *Bell Atl. Corp. v. Twombly* 550 U.S. 544

8  (2007); 556 U.S. _____ (129 S.Ct. at 1949).  Plaintiff has utterly failed to allege facts sufficient to

9  constitute any viable cause of action.  In fact, plaintiff provides little to no factual basis for any of her

10  asserted claims, and her disjointed complaint is manifestly uncertain even as to what causes of action

11  are being alleged.  Because plaintiff has failed to meet even the minimum pleading requirements of

12  Rule 8, her entire SAC should be dismissed.[2]

13  **B.    The Promissory Note is Not Required to Foreclose**

14  Plaintiff seems to allege as a general them throughout the SAC that that defendants "lack

15  standing" to foreclose because they do not have the original promissory note and because the loan

16  was securitized. (See, e.g., SAC ¶ 25).

17  The produce-the-note theory, in fact, has been raised in many recent actions by borrowers

18  seeking to delay and undo foreclosures, and the claim has been uniformly rejected because "the

19  statutory framework governing non-judicial foreclosures contains no requirement that the lender

20  produce the original note to initiate the foreclosure process." *Gamboa v. Tr. Corps*, 2009 WL

21  656285, at *4 (N.D. Cal. 2009); *see also Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal.

22  2009); *Candelo v. NDex West, LLC*, 2008 WL 5382259, *4 (E.D. Cal. 2008); *San Diego Home

23  Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, *2 (S.D. Cal. 2008).

24  California's courts have repeatedly held that Civil Code § 2924 establishes a comprehensive

25  and exclusive set of regulations for the conduct of non-judicial foreclosures.  *Moeller v. Lien*, 25

26  Cal.App.4th 822, 834 (1994); *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985).

27  ---
[2]    This point should be considered among the reasons for dismissing each of the claims in the
28  complaint in conjunction with the other points discussed in more detail below.

1  Sections 2924 through 2924*l* of the Civil Code do not require the person initiating foreclosure to

2  have physical possession of the promissory note which the deed of trust secures, or that the trustee

3  inquire about who physically possesses the note.  Instead, § 2924(a)(1) provides that "[t]he trustee,

4  mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial

5  foreclosure process by recording a notice of default.  Being the "holder in due course" of or

6  possessing the original note is irrelevant.

7       Plaintiff's frivolous theory that the original note must be provided to her in order to foreclose

8  or that the loan is unsecured because it was transferred to a trust supports no viable cause of action,

9  and to the extent any of plaintiff's causes of action rest on this specious theory, they cannot be

10  maintained.

11       **C.    Plaintiff Lacks Standing Because She Has Not Tendered the Amount Due Under the Loan**

12

13       Under California law a plaintiff challenging a foreclosure sale under any cause of action or

14  theory must tender the amount received under the loan.  *See Abdallah v. United Sav. Bank*, 43

15  Cal.App.4th 1101, 1109 (1996); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165

16  Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984);

17  *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971).  This is because "if plaintiffs

18  could not have redeemed the property had the sale procedures been proper, any irregularities in the

19  sale did not result in damages to the plaintiffs."  *F.B.P.I. Rehab 01 v. E&G Invs., Ltd.*, 207

20  Cal.App.3d 1018, 1021 (1989).  Thus, tender is considered a condition precedent to challenge a

21  foreclosure sale.  Plaintiff's complaint offers no evidence in support of this ability to tender. Indeed,

22  she failed to ever cure the amount in arrears prior to the sale of the property, ***which has already taken***

23  ***place***.  See SAC, Ex. K.  (Rescission under TILA is discussed below.)

24       Plaintiff has no standing to challenge the foreclosure process by way of any purported cause of

25  action.

26       **D.    Plaintiff's Claim Under The Home Ownership Equity Protection Act Fails.**

27       Plaintiff has no claim under the Home Ownership Equity Protection Act. (15 U.S.C. § 1639).

28  See SAC ¶¶ 56-70.  There are several reasons this claims fails.  First, as this Court has held, HOEPA

-6-

1    is an amendment to TILA and shares TILA's statute of limitations. *Rendon v. Countrywide Home*

2    *Loans, Inc.*, 2009 WL 3126400, *9 (E.D. Cal. 2009). Plaintiff, by her own admission, admits that

3    completed her loan on January 14, 2009 and that she did not file this lawsuit until August 11, 2010

4    (see D.I. 1) – more than one year later. For that reason alone, her HOEPA claim fails.[3]

5         Second, HOEPA applies only to loans that meet one of two tests. Either the loan's annual

6    percentage rate ("APR") at consummation must exceed by more than 10 percent the applicable yield

7    on treasury securities, or the total points and fees payable by the consumer at or before closing must

8    exceed 8 percent of the "total loan amount," or $400, whichever is greater. 15 U.S.C. § 1602(aa)(1),

9    (3); 12 C.F.R. § 226.32(a)(1). A HOEPA claim that fails to allege facts showing that the plaintiff's

10   loan satisfies one of these tests cannot withstand a motion to dismiss, as this Court has also

11   recognized. *See Rendon,* 2009 WL 3126400 at *9 (E.D. Cal. 2009). Because Plaintiffs' complaint

12   does not allege these facts, her HOEPA claims fails for that reason as well. See also *Amaro v.*

13   *Option One Mortg. Corp.*, 2009 WL 103302, at *3 (C.D. Cal. 2009): *Lynch v. RKS Mortg., Inc.*,

14   588 F.Supp.2d 1254, 1260 (E.D. Cal. 2008) (granting motion to dismiss claim for damages under

15   HOEPA); *Marks v. Chicone*, 2007 WL 160992, at *8 (N.D. Cal. 2007) (dismissing HOEPA cause of

16   action where plaintiff "failed to allege facts sufficient to establish that the subject loan was a high-

17   risk loan subject to HOEPA).

18        Accordingly, Plaintiff's HOEPA claim fails and should be dismissed without leave to amend.

19   _____

20       [3] Realizing many of her claims have statute of limitations problems, Plaintiff adds repeatedly
     and without detail the conclusory sentence that she did not discover the causes of action until
     November 2009. (See e.g., SAC ¶ 70, 75). If by these conclusory allegations, Plaintiff is intending

21   on relying in the doctrine of delayed discovery, she have failed here as well. Plaintiffs invoking this
     doctrine must specifically pleads facts to show 1) the time and manner of discovery and 2) his or her

22   inability to have made an earlier discovery despite reasonable diligence. (*Fox v. Ethicon End-
     Surgery, Inc.*, 35 Cal.4th 797, 808 (2005). Here Plaintiff alleges none of this. She cannot and does

23   not state what facts where hidden and how she exercised due diligence in finding them out.

24   Plaintiff's delayed discovery argument should be dismissed out of hand, just as all of their statute of
     limitations arguments should be.

25       If Plaintiff intends on relying on the doctrine of fraudulent concealment, her claim is even
     more questionable. To plead fraudulent concealment, Plaintiff would have to show 1) fraudulent

26   conduct by defendant resulting in concealment of the operative facts; 2) plaintiff's failure to discover
     the operative facts, and; 3) due diligence by the plaintiff until the discovery of those facts. *Sagehom*

27   *v. Engle*, 141 Cal. App. 4th 452, 460-461 (2006). Plaintiff has alleged none of this.

28

E.     **Plaintiff's Claim Under RESPA Fails.**

Plaintiff's claim under the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) is even more faulty.  (See FAC ¶¶ 71-75.)  All Plaintiff does is state that defendants were subject to the act and that the act was violated.

This claim too is barred by a one year statute of limitations.  12 U.S.C. 2614.  *See also Yuhre v. JP Morgan Chase Bank,* 2010 WL 1404609, *7 (E.D. Cal. 2009).  Again, as discussed in footnote 2 above, Plaintiff has done nothing to show why her claim should not be dismissed on this ground alone.

Further, only loan servicers are subject to these duties under §2605, not other participants in the loan transaction.  Thus, RESPA imposes no obligation the trustee under the deed of trust or the trustee of the securitized trust that holds plaintiffs' loan or the holder of the note.

Even against the transferor and transferee of servicing rights, RESPA allows a borrower only recovery of "actual damages" and costs.  *See* 12 U.S.C. § 2605(f); *see also Andrew v. Ivanhoe Fin., Inc.,* 2008 WL 2265287, at *6 (E.D. Pa. 2008).   Since Plaintiff has alleged no actual damage as a result of any failure to provide notice of the transfer of servicing rights, her RESPA claim is not viable.

Further, creates private rights of action to redress only three types of wrongful acts:  (1) payment of a kickbacks for real estate settlement services (12 U.S.C. § 2607(d)); (2) requiring a buyer to use a title insurer selected by the seller (12 U.S.C. § 2608(b)); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan (12 U.S.C. § 2605(f)).  As Plaintiffs does allege any of these violations, she cannot state a viable claim for relief under RESPA.

Thus, Plaintiff's claim under RESPA fails for many different reasons.

F.     **Plaintiff's Claim for Violation of TILA Fails**

Plaintiff's Truth In Lending Claim (15 U.S.C. § 1601 et seq.) claim fails to allege any specific violations of TILA by any defendant.  See FAC ¶¶ 76-80.  To the extent that plaintiff seeks damages under TILA, United States Code § 1640(e) states that any action brought under TILA must be brought within one year from the date of the occurrence of the violation.  *Monaco v. Bear Stearns*

-8-

1    *Residential Mortg. Corp.* 554 F. Supp.2d 1034, 1039 (2008); *see also* 15 U.S.C. § 1640(e).  The

2    limitations period runs from the date of the consummation of the transaction, i.e. the time that a

3    consumer becomes contractually obligated on a credit transaction.  *King v. California*, 784 F.2d 910,

4    915 (9th Cir. 1986).

5         Here, it is clear from the face of the amended complaint that the one year statute of

6    limitations for a TILA violation claim has run.  That is, plaintiff's loan that the transaction for the

7    subject loan was consummated on or about January 14, 2009.  As such, the one year statute of

8    limitations ran by January 14, 2010, and plaintiff did not bring the instant action until August of

9    2010.  As far as Plaintiff's attempt to get around the statute of limitations, see footnote 2, *supra*.

10        Furthermore, plaintiff alleges absolutely nothing of substance against any of the defendants

11   would give rise to a TILA case to begin with. It is unclear what she is seeking, against whom she is

12   seeking damages TILA was violated.  Whatever allegations she does include are simple mimicry of

13   the statutory language.  This claim must be dismissed.

14        Furthermore, to the extent plaintiff seeks to rescind under TILA, "by far, the majority of

15   Courts to address the issue recently have required that borrowers allege an ability to tender the

16   principal balance of the subject loan in order to state a claim for rescission under TILA."  *Garcia v.*

17   *Wachovia Mortg. Corp.*, 2009 WL 3837621, *3 (C.D. Cal. 2009); *see also Ultreras v. ReconTrust*

18   *Co.*, 2010 WL 2305857, *4 (C.D. Cal. 2010) (agreeing with the "developing majority position" as

19   articulated in *Garcia*); *Cook v. Wells Fargo Bank*, 2010 WL 1289892, *4 (S.D. Cal. 2010) (citing

20   cases).  As one court has explained, "It makes little sense to let the instant rescission claim proceed

21   absent some indication that the claim will not simply be dismissed at the summary judgment stage

22   after needless depletion of the parties' and the Court's resources."  *Valdez v. America's Wholesale*

23   *Lender,* 2009 WL 5114305, *5 (N.D. Cal. 2009).

24        As Plaintiff has not offered to tender and she should not be able to keep the property free and

25   clear of any security interest she voluntarily placed upon it, her TILA claim should fail.

26        **G.    Plaintiff's Claim Under The Fair Credit Reporting Act Fails.**

27        Plaintiff's claim under the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)  is

28   also very weak.  FCA ¶¶ 81-85.  Essentially, she claims that her default should not have been

-9-

1   reported because of the loan documents she was "tricked" into signing.  If that stated a claim under

2   FCRA, then every foreclosure in the United States would have to be stopped.

3        The FCRA was enacted to ensure the accuracy and fairness of credit reporting. 15 U.S.C. §

4   1681(a). Specifically, the statute is designed to require consumer reporting agencies to "adopt

5   reasonable procedures for meeting the needs of commerce for consumer credit." *Id*. § 1681(b).

6   FCRA § 1681s states that companies shall not furnish information about a consumer to a credit

7   reporting agency if they have reason to know, or know, the information *is false*. *Id*. § 1681s-2(a-b).

8   Plaintiff has not anywhere alleged that the information about her *was false*.  She therefore has no

9   FCRA claim.

10       Also, Plaintiff does not even state which defendants supposedly violated FCRA, and this has

11  been found to be grounds to dismiss a FCRA claim.  *Permpoon v. Wells Fargo Bank, N.A.,* 2009

12  WL 2314321, *11 (S.D. Cal. 2009).

13       This claim should be dismissed.

14       **H.    Plaintiff's Fraudulent Misrepresentation Claim Fails.**

15       Plaintiff's next cause of action is for fraudulent misrepresentation.  FAC ¶¶ 81-85.  Under

16  California law, the elements of fraud are "misrepresentation, knowledge of its falsity, intent to

17  defraud, justifiable reliance, and resulting damage."  *Gil v. Bank of Am., Nat'l Ass'n*, 138

18  Cal.App.4th 1371, 1381 (2006).  Fraud, of course, must be pled with sufficient particularity under

19  Federal Rule of Civil Procedure 9(b).  In addition to the "time, place and content of an alleged

20  misrepresentation," a complaint "must set forth what is false or misleading about a statement, and ...

21  an explanation as to why the statement or omission complained of was false or misleading."  *Yourish*

22  *v. Cal. Amplifier*, 191 F.3d 983, 993, n.10 (9th Cir. 1999).

23       The complaint must also name the persons who made the allegedly fraudulent statements.

24  *See Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, *3 (N.D. Cal. 2007) (citing *In re Glenfed,*

25  *Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir.1994) (en banc)).

26       Here, Plaintiff has failed to plead any facts even *remotely* resembling fraud against any

27  defendant.  The allegations supporting Plaintiff's fraud claim are simply conclusory allegations.

28

-10-

1  (FAC ¶¶ 87-90.) This claim, even read with the liberality afforded *pro se* litigants on a motion to

2  dismiss, is entirely conclusory and has nothing to do with any defendants.

3          "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

4  require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and

5  inform each defendant separately of the allegations surrounding his alleged participation in the

6  fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citations, quotes

7  omitted). *See also Edejer v. DHI Mortgage Co,m* 2009 WL 1684714, *12-13 (N.D. Cal. Jun. 12,

8  2009) (dismissing a fraud claim where plaintiff alleged no misrepresentation or false statements

9  made by defendants; did not allege names of persons who made allegedly fraudulent representations

10 and their authority to speak; and did not allege with sufficient particularity or clarity what was false

11 or misleading about the statements); *Mohammad Akhavein v. Argent Mortgage Co.*, 2009 WL

12 2157522, *4 (N.D. Cal. Jun. 12, 2009) ("This already heightened pleading standard in fraud cases is

13 further heightened when a party pleads fraud against a corporation.").

14         Plaintiff's fraud claim lacks any of the "who, what, when, where and how" required for

15 alleging fraud against any of the defendants.  More importantly, Plaintiff identifies no knowing,

16 material misrepresentations made by any persons authorized to speak for any defendant, let alone

17 their authority to speak, what they said, to whom, or when; she fails to allege facts establishing her

18 justifiable reliance on any such misrepresentations; and she fails to identify any damage that any of

19 the unalleged misrepresentations caused her.

20         Plaintiff's fraud claim falls short of even basic federal pleading standards as explained in *Bell*

21 *Atl. Corp. v. Twombly*: the Complaint fails to give the defendants "fair notice of what the … claim is

22 and the grounds upon which it rests."  550 U.S. at 555.  Because plaintiff's cause of action for fraud

23 fails to state a claim and is incomprehensively vague, it should be dismissed.

24     **I.     Plaintiff's Breach of Fiduciary Duty Claim Fails**

25         Plaintiff's also alleges that all of the defendants were "fiduciaries."  FAC ¶¶ 94-99.

26 Plaintiff's claim is based on the mistaken belief that GMACM, ETS and MERS owed her a fiduciary

27 duty.  They did not.

28

-11-

MEMO IN SUPPORT OF MOTION TO DISMISS
Case No. 2:10-CV-02153-JAM-KJN

1  It is axiomatic that in order to state a claim for breach of fiduciary duty, the defendant must

2  owe a fiduciary duty to the plaintiff.  In *Nymark v. Heart Federal Savings & Loan Association*, 231

3  Cal.App.3d 108 (1991), the court held that a lender does not owe the customer/borrower a duty in

4  connection with the lender's internal in-house handling of a loan.  Further, the court held, as a matter

5  of law the relationship between lender and its borrower is not fiduciary in nature.  *Nymark*, at 1093.

6  As a general rule, a financial institution owes no duty of care to a borrower when the institution's

7  involvement in the loan transaction does not exceed the scope of its conventional role as a mere

8  lender of money.  *Id*. at 1096.   There was no fiduciary duty here. As a matter of law, then, the

9  motion to dismiss the first cause of action must be granted without leave to amend.

10       **J.**     **Plaintiff's Unjust Enrichment Claim Fails.**

11       Plaintiff also tries to assert a claim for unjust enrichment.  FAC ¶¶ 100-106.  As far as unjust

12 enrichment, it too is not a theory of recovery but a result thereof.  See *Jogani v. Superior Court*, 165

13 Cal. App. 4th 901, 911 (2008) ("unjust enrichment is not a cause of action.")  In any event, Plaintiff

14 has provided no wrongful act for any defendant to be liable for unjust enrichment and this claim too

15 fails as a matter of law.

16       **K.**     **Plaintiff's Civil Conspiracy Claim Fails.**

17       Plaintiff's seventh cause of action is for "conspiracy."  FAC ¶¶ 100-106.  However,

18 "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who,

19 although not actually committing a tort themselves, share with the immediate tortfeasors a common

20 plan or design."  *Applied Equip. Corp. v. Litton Saudi Ara-bia Ltd*., 7 Cal.4th 503, 510-511 (1994).

21 As already shown, Plaintiff's others claims are defective.  Those claims fail to establish any ground

22 for holding other persons liable in tort, so there is nothing for which [defendant] could be held

23 vicariously liable on the conspiracy "claim."  Accordingly, this claim, too, should be dismissed.

24       **L.**     **Plaintiff's RICO Claim Fails.**

25       Plaintiff's ninth cause of action is for a violation of RICO.  (FAC ¶¶ 113-124).  To state a

26 civil RICO claim, a plaintiff must allege five elements: (1) conduct, (2) of an enterprise, (3) through

27 a pattern, (4) of racketeering activity, establishing that (5) the defendant caused injury to the

28 plaintiff's business or property. *See Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985); *Swartz*

-12-

1  *v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007) (per curiam); *Chaset v. Fleer/Skybox Int'l, LP*,

2  300 F.3d 1083, 1086-87 (9th Cir. 2002).

3      Plaintiff's RICO claim does not aver facts showing any of the required elements, nor does it

4  meet Rule 9(b)'s requirement of pleading a RICO claim with particularity.

5      The complaint does not allege any predicate acts of racketeering activity giving rise to a

6  RICO claim, much less a "pattern of racketeering activity."  18 U.S.C. § 1961(5).  There is no

7  underlying predicate act for which a RICO claim could be based.  See *Thiel v. First Fed. Sav. &*

8  *Loan Ass'n*, 646 F.Supp. 592, 595-98 (N.D. Ind. 1986) (rejecting claims that lender had violated

9  RICO by issuing loan check in exchange for promissory note and imposing sanctions on plaintiffs

10  for bringing frivolous action).

11      The complaint also fails to allege the existence of a RICO enterprise sufficiently.  It avers,

12  without factual elaboration, that the defendants regularly engage in cooperative efforts.  Cooperation

13  alone does not create a RICO enterprise.  Legitimate businesses cooperate with others to accomplish

14  their economic ends through legal means.  See *Alejo v. Mozilo*, 2009 WL 692001, at *2 (C.D. Cal.

15  2009) ("[Plaintiff] states that Defendants engaged in "cooperative efforts," but does not identify an

16  "enterprise" or even specify which defendants were involved in the purportedly wrongful activity.").

17      A RICO claim must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b), just as a

18  fraud claim must be.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004).  So,

19  too, must the mail and wire fraud claims that plaintiffs aver as predicate acts.  *Swartz v. KPMG LLP*,

20  476 F.3d 756, 764-65 (9th Cir. 2007).  The complaint must "state the time, place, and specific

21  content of the false representations as well as the identities of the parties to the misrepresentation."

22  *See, e.g., Murr Plumbing, Inc. v. Scherer Bros. Fin. Serv. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995)

23  When several defendants are sued, the complaint must "inform each defendant separately of the

24  allegations surrounding his alleged participation in the fraud."  *Swartz*, 476 F.3d at 764-65.  Also,

25  "[a]llegations of fraud based on information and belief do not satisfy the particularity requirement

26  unless accompanied by a statement of the specific facts on which the belief is founded."  *County of*

27  *Santa Clara v. Astra U.S., Inc.*, 428 F.Supp.2d 1029, 1036 (N.D. Cal. 2006); *citing Moore v. Kayport*

28  *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

-13-

Plaintiffs' RICO claim makes no effort to meet this heightened pleading requirement. Indeed, the complaint's "formulaic recitation of the elements of a [RICO] cause of action will not do" even under Rule 8(a), let alone under the more stringent Rule 9(b) standard.  Like the fraud claim, the RICO claim is riddled with general allegations that the "defendants" engaged in fraudulent conduct or conspired or committed other wrongs without bothering to inform either defendant what it did in particular.  No time, place or person is alleged.  No specific misrepresentation is identified.

This claim should be dismissed.

**M.    Plaintiff's Claim For Usury and Fraud Fails**

Plaintiff's eleventh cause of action is for usury and fraud.  FAC ¶¶ 132-138.  Again, Plaintiff does not even state which defendants she means to sue for usury.  (As far as fraud is concerned, it is addressed above.)   To state a claim for usury, a plaintiff must allege (1) the transaction was a loan or forbearance, (2) the interest rate exceeded the statutory maximum, (3) the loan and interest was absolutely repayable by the borrower, and (4) the lender had a willful intent to enter into a usurious transaction. *Ghirardo v. Antonioli,* 8 Cal.4th 791, 798 (1994).

In this case, Plaintiff has not alleged that the interest rate her loans exceeded the statutory maximum. Plaintiffs has also failed to allege that defendants willfully intended to enter into a usurious transaction. Plaintiff has, therefore, failed to state a cause of action for usury, and the claim should be dismissed.

Moreover, the statute of limitation of usury is one year.  See Cal. Civ. Code § 1916-3.  As stated above, Plaintiff has failed to meet the statute of limitations deadline for this cause of action, even if she had one, which she does not.   *See Agra v. OneWest Bank FSB*  2009 WL 3526585, **2-3 (C.D.Cal. 2009).  See footnote 2, supra.

**N.    Plaintiff's Claim For Quiet Title, Wrongful Foreclosure and Breach of Security Agreement All Fails As Matter of Law.**

Plaintiff's tenth, twelfth and thirteenth causes of action also fail as a matter of law.  (FAC ¶¶ 125-131, 139-147, 148-153). First, all of these causes of action are based upon vague allegations which in no way question the legitimate foreclosure process which proceeded against Plaintiff's secured property.  In addition, as stated above, Plaintiff has not tendered the amount due, so she has

-14-

no standing to pursue these claims to begin with.  Finally, as far as Plaintiff's "breach of security agreement" goes, Plaintiff describes zero prejudice which affected here as a result of this non-resultant breach, which the California Court of Appeal has found to be a prerequisite to these kinds of claims.  *See Knapp v. Doherty, 123* Cal.App.4th 123, 76, 88-89 (2004).  Any in event, Plaintiff has pointed to *zero* wrongful acts which would give rise to any of these causes of action.  All of these claims should be dismissed without leave to amend.

## V.    CONCLUSION

For the reasons discussed herein, plaintiff's complaint is deficient.  It fails to state a single viable claim against GMACM or ETS. Therefore, this motion to dismiss should be granted in its entirety.

DATED:  March 7, 2011

SEVERSON & WERSON
A Professional Corporation


By: _____/s/ Philip Barilovits_____
                    Philip Barilovits

Attorneys for Defendant
GMAC Mortgage, LLC
EXECUTIVE TRUST SERVICES
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.