UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY VON BRINCKEN,<br><br>           Plaintiff,<br><br>    v.<br><br>MORTGAGECLOSE.COM, INC.;<br>CALIFORNIA LAND COMPANY OF<br>NEVADA COUNTY; EXECUTIVE TRUSTEE<br>SERVICES, dba ETS SERVICES, LLC;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; GMAC MORTGAGE,<br>INC.; and DOES 1-20, inclusive,<br><br>           Defendants. | Case No. 2:10-CV-2153-JAM-KJN<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

This matter comes before the Court on Defendants' GMAC Mortgage, LLC, Executive Trustee Services, and Mortgage Electronic Registration Systems, Inc.'s (collectively "Defendants") Motion to Dismiss (Doc. #65) Plaintiff Shelley Von Brincken's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. #62) for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff opposes the motion (Doc. #67). Defendant Mortgageclose.com, Inc. joined in the Motion to Dismiss (Doc. #66). Plaintiff did not oppose the joinder, accordingly the Court will

1

consider Mortgageclose.com, Inc. as joined in the motion to dismiss with Defendants. The motion was set for hearing on May 4, 2011, but ordered submitted on the briefs without oral argument.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff borrowed $220,000.00 on January 14, 2009 from Mortgageclose.com, Inc. On the same date she signed a deed of trust securing the properly located 14738 Wolf Rd., Grass Valley, California, as security for the loan. Plaintiff subsequently defaulted on the loan, and a Notice of Default was recorded on April 27, 2011. Thereafter, a Notice of Trustee's Sale was recorded on July 28, 2010, and the property was sold and Trustee's Deed Upon Sale recorded on September 3, 2010. Prior to the Sale on August 11, 2010, Plaintiff filed a Notice of Pendency of Action (Doc. #3) and filed an unsuccessful motion for a Temporary Restraining Order (Doc. #9).

Plaintiff alleges that she is the victim of fraud, predatory lending, and an unlawful foreclosure. Plaintiff was previously pro se, but acquired counsel, who filed the SAC. The SAC alleges problems with the chain of title and the Deed of Trust. Plaintiff further alleges that the purported lender/servicer failed, refused or neglected to work with her to avoid foreclosure. Defendants contend that despite Plaintiffs slew of general allegations about the mortgage banking industry, Plaintiff fails to state a claim against Defendants.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

## II.  OPINION

### A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a).  "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Id.

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). In this case, Plaintiff has attached Exhibits A-N (Doc. #62, Ex. 1) to the SAC. Plaintiff relies on these documents in her Complaint (several of which are also public record as they are recorded documents), and Defendants do not object to the Court considering the attached documents. Accordingly, the Court will consider documents A-N in ruling on the motion to dismiss.

    B.    Claims for Relief

          1.    Violation of the Home Ownership Equity Protection Act

Plaintiff alleges that Defendants have violated the Homeownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. The SAC seeks rescission and damages under HOEPA. The SAC lumps all the defendants together and does not specifically identify the defendant(s) to whom her allegations pertain. Defendants argue that Plaintiff fails to state a claim for violation of HOEPA, because her claim is barred by the statute of limitations and the SAC does not sufficiently allege that her loan falls under HOEPA. However, Defendants only attack the portion of Plaintiff's claim seeking damages, and not her claim for rescission.

HOEPA is an amendment to the Truth in Lending Act ("TILA"), and therefore is governed by the same remedial scheme and statutes

4

of limitations as TILA.  Hensley v. Bank of New York Mellon, 2010 WL 5418862, *4 (E.D. Cal. Dec. 23, 2010); Wadhwa v. Aurora Loan Services, LLC, 2011 WL 1601593, *2 (E.D. Cal. April 27, 2011).  The statute of limitations for TILA damages claim is one year from the occurrence of a violation. 15 U.S.C. § 1640(e).  Under 15 U.S.C. § 1635(f), TILA rescission claims shall expire three years after the date of consummation of the transaction, or upon sale of the property, whichever occurs first.  The limitations period runs from the date of consummation of the transaction.  Wadhwa, supra (citing King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

> The doctrine of equitable tolling may, in the appropriate circumstance, suspend the limitation period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation.

Wadwha, 2011 WL 1601593 at *2 (internal citations omitted).

Here, the loan was issued on January 14, 2009, and Plaintiff filed her complaint on August 11, 2010, more than one year later. Plaintiff has included the cursory allegation throughout the SAC that she did not learn of any violations until November 2009, and thus any applicable statute of limitation should run from this date.  However, the SAC offers no factual support for Plaintiff's allegation that she was unable to compare the allegedly improper disclosure in the loan documents with the required disclosures under HOEPA, nor does she explain why she could not have learned of the alleged violations within the statutory period.  See, e.g., Wadhwa, 2011 WL 1601593,at *2-3 (declining to apply equitable

1  tolling where plaintiffs did not allege why they could not compare
2  disclosure forms or discover the violation during the statutory
3  period). Accordingly, the statute of limitations for Plaintiff's
4  HOEPA damages claim has run, and the Court does not find from the
5  SAC's conclusory tolling allegation that equitable tolling applies.
6  While Plaintiff's HOEPA claim for rescission is timely, Plaintiff
7  has failed to tender the full amount of the loan or alleged ability
8  to tender. See e.g. Little v. Accent Conservatory and Sunroom
9  Designs, 2011 WL 2215816, *3 (S.D. Cal. June 7, 2011). As when
10 alleging a claim for rescission under TILA, plaintiffs must make an
11 offer of complete tender before seeking rescission of the loan. Id.
12      Additionally, Defendants argue that Plaintiff has not shown
13 that HOEPA applies to her loan.  A loan is subject to HOEPA if the
14 loan's annual percentage rate at consummation exceeds by more than
15 ten percent the applicable yield on treasury securities, or the
16 total points and fees payable by the consumer at or before closing
17 exceeds eight percent of the total loan amount or $400.00,
18 whichever is greater.  15 U.S.C. § 1602(aa)(1)(3); 12 C.F.R.
19 §226.32(a)(1).  A HOEPA claim that fails to allege facts showing
20 that the plaintiff's loan satisfies one of the tests cannot
21 withstand a motion to dismiss.  Rendon v. Countrywide Home Loans,
22 Inc., 2009 WL 3126400, *9 (E.D. Cal. 2009).  The SAC states that
23 Plaintiff was required to pay excessive fees that exceeded ten
24 percent of the amount financed.  Taking this allegation as true, as
25 the Court is required, Plaintiff has sufficiently alleged that
26 HOEPA may apply to her loan.  However, because her claim for
27 damages is barred by the statute of limitations, and she has not
28 sufficiently alleged tender so as to maintain her claim for

6

rescission, the HOEPA claim is dismissed in its entirety.

### 2. Violation of the Real Estate Settlement Procedures Act

Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, because Defendants "accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed." SAC ¶71. Defendants argue that the RESPA claim is barred by the one year statute of limitations and fails to state a claim.

> The primary ill that section 2607 is designed to remedy is the potential for unnecessarily high settlement charges caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing. 12 U.S.C. § 2614 provides that a section 2607 claim may be brought within 1 year from the date of the occurrence of the violation. Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed.

Solano v. America's Servicing Company, 2011 WL 1669735, *3 (E.D. Cal. May 3, 2011) (internal citations omitted).

In this case, Plaintiff's loan was made on January 14, 2009. Thus, her current claim is barred by the statute of limitations. As discussed above, neither the SAC nor Plaintiff's opposition brief discuss why she could not have discovered the alleged violation within the one-year statutory period. Therefore, Plaintiff has not shown that equitable tolling applies to her claim. Moreover, the claim itself is devoid of factual support for her conclusory allegation that Defendants violated RESPA, and is thus insufficient to state a claim against Defendants. Because

7

Plaintiff lumps all Defendants together, it is unclear against whom she intends to bring the claim.  Defendants note in their reply brief that none of them were the original lenders on the loan, therefore none of them were involved at the time that the alleged violations occurred.  Accordingly, the RESPA claim is dismissed.

    3. <u>Violation of the Truth in Lending Act</u>

 Plaintiff alleges that Defendants violated TILA, 15 U.S.C. § 1601, et seq., by failing to disclose certain charges in the finance charge shown on the TILA statement.  Plaintiff seeks rescission and alleges that the SAC serves as formal notice of her intent to rescind her loan under TILA.  Defendants assert that Plaintiff cannot state a claim for rescission under TILA, without first alleging that she can tender the amount due on the loan.  To the extent that Plaintiff seeks damages, Defendants argue damages are barred by the one year statute of limitations.

 The statute of limitations for rescission under TILA is three years.  Accordingly, Plaintiff's claim for rescission is timely.  However, as discussed in the HOEPA claim, her claim for damages under TILA is barred, as the statute of limitations has run and she has not made sufficient allegations as to why equitable tolling should apply.  Further, Defendants are correct that Plaintiff must allege tender in order to bring her claim for rescission, and she has not done so.  (See, e.g., <u>Rose v. American Home Mortg. Servicing, Inc.</u>, 2011 WL 2074938, at *2 (E.D. Cal. May 25, 2011). A tender must be one of full performance and must be unconditional to be valid.  <u>Solano</u>, 2011 WL 1669735, at *8.  Plaintiff's allegation that she offered to tender in the letter of rescission (Ex. F. to the SAC), conditioned on receiving approximately 4

8

million dollars in damages from Defendants, is not sufficient. Accordingly, the claim for TILA rescission and damages is dismissed.

        4.    <u>Violation of the Fair Credit Reporting Act</u>

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 by reporting negative information about Plaintiff to the major credit reporting agencies. Defendants argue that Plaintiff has not properly alleged a violation of the FRCA and therefore fails to state a claim against Defendants.

There is a private right of action for violations of section 1681(S)(2()(b) of the FRCA. <u>Matracia v. JP Morgan Chase Bank</u>, 2011 WL 1833092, *3 (E.D. Cal. May 12, 2011). However, to succeed on such a claim, a plaintiff must allege that she had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute. <u>Id</u>. Here, Plaintiff fails to allege any of these facts. Accordingly, the FRCA claim is dismissed.

        5.    <u>Fraudulent Misrepresentation</u>

Plaintiff alleges that Defendants fraudulently concealed and misrepresented information about her loan, before and after closing. Defendants assert that Plaintiff's allegations do not meet the heightened pleading standard for claims of fraud.

Rule 9(b)'s heightened pleading standard applies to averments of fraud in all civil cases, regardless of whether or not fraud is an essential element of the claim. Rule 9(b) proves that in

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  The required specificity includes the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations.  Further, in alleging fraud against multiple defendants, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff to differentiate her allegations when suing more than one defendant." Solano, 2011 WL 1669735, *5-6 (internal citations omitted).

As the SAC does not differentiate between the named defendants, and is not plead with the specificity required by Rule 9(b), Plaintiff's claim for fraudulent misrepresentation is dismissed.

###### 6. Breach of Fiduciary Duty

Plaintiff alleges that Defendants breached their fiduciary duty by inducing Plaintiff to enter into a mortgage that was contrary to Plaintiff's intentions and interests.  Defendants move to dismiss for failure to prove that a fiduciary relationship existed.

To state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused thereby.  Solano, supra, at *6.  As a general rule, a loan transaction is an at arms length transaction and there is no fiduciary relationship between the borrower and lender.  Further, loan servicers typically do not have a fiduciary relationship with borrowers.  Id.  The allegations in the SAC that Defendants breached their fiduciary duty are identical to allegations of

breach of fiduciary duty previously dismissed in Solano, 2011 WL 1669735 at *6.  As the allegations in the SAC do not show that these defendants are indeed fiduciaries to Plaintiff, the claim for Breach of Fiduciary Duty is dismissed.

### 7. Unjust Enrichment

Plaintiff alleges that Defendants have been unjustly enriched by receiving fees and benefits from the loan transaction, at the expense of Plaintiff.  Defendants move to dismiss this claim, asserting that that Plaintiff cannot bring a claim for unjust enrichment, and has not shown any wrongful act by Defendants.  Under California law, it is well settled that an action based upon an implied-in-fact contract or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.  Solano, 2011 WL 1669735 at *7.  Because the SAC alleges the existence of an express contract between the parties that governed the loan transaction, she cannot bring a claim for unjust enrichment based on an alleged implied contract covering the same loan transaction.  Accordingly, the claim for unjust enrichment is dismissed.

### 8. Civil Conspiracy

Plaintiff alleges that Defendants engaged in a conspiracy to further illegal acts in the course of the loan transaction. Defendants move to dismiss this claim, arguing that there is no independent claim for civil conspiracy under California law.

Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.  Standing alone, a conspiracy

does no harm and engenders no tort liability.  It must be activated by the commission of an actual tort.  Further, to allege a civil conspiracy to defraud, a complaint must meet the particularity requirement of Rule 9(b).  <u>Solano</u>, <u>supra</u> at *10.  Accordingly, as Plaintiff does not set forth the basis for her claim of conspiracy, and as this Court is dismissing all other claims in the SAC upon which her conspiracy claim could possibly be based, the civil conspiracy claim is dismissed.

### 9. <u>Civil RICO Violations</u>

Plaintiff alleges that Defendants participate in a RICO conspiracy to defraud her.  Defendants move to dismiss this claim, arguing that it is not plead with particularity, Plaintiff has not plead any facts to support her allegation of a RICO conspiracy, and has not alleged that Defendants engaged in pattern of activities affecting interstate commerce.  To properly plead a RICO violation for civil damages, a plaintiff must show that defendants, through two or more acts constituting a pattern, participated in an activity affecting interstate commerce.  <u>McAnelly v. PNC Mortgage</u>, 2011 WL 318575, *3 (E.D. Cal. Feb. 1, 2011).  As Plaintiff has raised only conclusory allegations without any factual support, and has failed to allege the essential elements of a RICO claim, her RICO conspiracy claim is dismissed.

### 10. <u>Quiet Title</u>

Plaintiff brings a claim to quiet title to the property, seeking full and clear title.  Defendants move to dismiss the claim because Plaintiff has not tendered the amount she owes.  "Under California law, it is well settled that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."

Solano, 2011 WL 1669735 at *8.  Therefore, to maintain a quiet title claim a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage.  A tender must be one of full performance and must be unconditional to be valid.  Id.  As previously discussed, Plaintiff has not sufficiently alleged tender.  Accordingly, the claim to quiet title is dismissed.

      11.  <u>Usury and Fraud</u>

Plaintiff alleges that Defendants have committed usury and fraud.  Defendants move to dismiss, arguing that Plaintiff lumps all Defendants together, fails to plead with particularity and has not set forth the basis for her usury claim.  Under California law, the elements of a fraud claims are (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Solano, 2011 WL1669735 at *9.  A claim for fraud in federal court must satisfy Rule 9(b)'s heightened pleading requirements.  Id.  The elements of a usury claim are (1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan an interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction.  A loan that charges an interest rate greater than 10 percent per annum is usurious.  Id.  As Plaintiff has failed to plead her claim with the required particularity, and has not set forth any facts to support her claim for usury and fraud, the claim is dismissed.

      12.  <u>Wrongful Foreclosure</u>

   Plaintiff alleges that Defendant wrongfully foreclosed on her property, because Defendants are not the beneficiaries of the

1  mortgage.  Defendants contend that Plaintiff must fully tender
2  before she can challenge the foreclosure sale.  To state a wrongful
3  foreclosure claim, a plaintiff must allege a credible tender of the
4  amount of the secured debt.  Solano, supra, at *10.  As discussed
5  above, tender must be one of full performance and must be
6  unconditional to be valid.  Plaintiff makes no such unconditional
7  tender in the SAC, accordingly, the motion to dismiss this claim is
8  granted.

9          13.  Breach of Trust Instrument
10     Lastly, Plaintiff brings a claim captioned "Breach of Trust
11  Instrument" in which she alleges that the security instrument was
12  breached.  Defendants move to dismiss alleging that Plaintiff's
13  claim is vague, and that plaintiff has not set facts showing
14  wrongful acts or damages to support her claim.  Identical
15  allegations were dismissed as conclusory, vague and insufficient to
16  inform each defendant of its liability for breach of the security
17  instrument in Matracia v. JP Morgan Chase Bank, 2011 WL 1833092,
18  at*6 (E.D. Cal. May 12, 2011) (dismissing a complaint brought by
19  Plaintiff's counsel).  This Court likewise finds that Plaintiff has
20  failed to state claim for breach of the security instrument, and
21  the claim is dismissed.

22                          III. ORDER
23      Plaintiff has already amended her complaint twice and has yet
24  to properly plead her claims. Thus it is clear that none of the
25  claims can be saved by further amendment. Accordingly, all of the
26  claims in the SAC are dismissed with prejudice.
27     IT IS SO ORDERED.
28  Dated: June 30, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE